IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

**MARY GRIFFIN**,

        *Plaintiff*,

v.

**WAL-MART STORES EAST, LP, et al.**,

        *Defendants*.

CAUSE NO. 3:24-CV-516-CWR-LGI

## ORDER

Before the Court is Mary Griffin's motion to amend and remand. Wal-Mart opposes relief. On review, the request for amendment will be granted in part and denied in part, while remand will be denied.

### I. Factual and Procedural History

The allegations in Mary Griffin's complaint are straightforward. In July 2022, as she was getting a shopping cart from the front of a Wal-Mart in Jackson, Mississippi, she was hit by a convoy of shopping carts and sustained serious injuries. Griffin says employee John Doe was using a motorized cart-pusher negligently and carelessly. She subsequently filed this premises liability suit in state court naming Doe and the store manager as defendants.

Wal-Mart removed the matter here but failed to prove the amount in controversy. This Court remanded the case. And back in state court, Griffin learned for the first time the names of the cart-pusher and the store manager on duty at the time. She filed a motion to amend her complaint to add them as defendants.

Before the matter could be adjudicated by the Mississippi court, Wal-Mart removed the case here again. This time, it showed how the amount in controversy satisfied the federal jurisdictional minimum. It also explained how the only defendant to have been served, Wal-Mart, was completely diverse from Griffin.

Now before the Court is Griffin's motion to amend and remand. In what is essentially a re-urging of her aborted state-court motion, she says defendant John Doe should be replaced by Laperry Murray and the defendant-store manager should be replaced by Ryan Thomason. If either is a Mississippian, their addition to this suit would destroy complete diversity and require this case to be remanded once again to state court.

Wal-Mart opposes the motion. It first presents evidence that Thomason is a citizen of Louisiana. It then argues that Griffin has failed to state a claim against Murray and that Griffin's allegations against Thomason are "boiler plate."

## II.     Legal Standard

"If after removal the plaintiff seeks to join additional defendants whose joinder would destroy subject matter jurisdiction, the court may deny joinder, or permit joinder and remand the action to the State court." 28 U.S.C. § 1447(e). In these situations, the Fifth Circuit applies a multi-factor test looking to "the extent to which the purpose of the amendment is to defeat federal jurisdiction, whether plaintiff has been dilatory in asking for amendment, whether plaintiff will be significantly injured if amendment is not allowed, and any other factors bearing on the equities." *Hensgens v. Deere & Co.*, 833 F.2d 1179, 1182 (5th Cir. 1987). One of those factors is whether "the plaintiff ha[s] a valid cause of action against" the proposed in-state defendant. *Tillman v. CSX Transp., Inc.*, 929 F.2d 1023, 1029 (5th Cir. 1991).

### III. Discussion

Griffin has not been dilatory in seeking amendment. She named the cart-pusher as a John Doe defendant in her original complaint. She also named the person she thought was the premises manager as a defendant in that complaint. She was wrong about the manager's name, to be sure, but she moved to correct it only two days after receiving Wal-Mart's discovery responses. Griffin's pursuit of the defendants' true identities was plainly diligent.

Griffin also has a valid purpose in seeking to add the store manager to this suit. Mississippi law permits injured persons to sue the "person in charge of premises" for breaching their duty of reasonable care. *Mayfield v. The Hairbender*, 903 So. 2d 733, 735-36 (Miss. 2005). "Based on a federal court's duty to resolve all uncertainties in the relevant state law in favor of the non-moving party, the Fifth Circuit has assumed a store manager qualifies as a person in charge of the premises." *James v. Kroger Ltd. P'ship I*, No. 3:23-CV-165-KHJ-MTP, 2023 WL 9508823, at *3 (S.D. Miss. June 26, 2023) (cleaned up). So Griffin can state an independent claim against Thomason.

The situation is different as to the purported cart-pusher. Murray is not alleged to be a manager or person in charge, but rather an ordinary employee. Under principles of respondeat superior, Wal-Mart is already responsible for the acts and omissions of its employees. His addition would be of debatable value.

To this, Griffin argues that in Mississippi, "a plaintiff in a respondeat superior action may sue either the employer or the employee or both." *Methodist Healthcare-Olive Branch Hosp. v. McNutt*, 323 So. 3d 1051, 1063 n.6 (Miss. 2021) (Maxwell, J., concurring). Fair enough. It also is true, however, that "[a]ny relief the plaintiff could receive from [Murray] can be supplied by [Wal-Mart]." *Olowo-Ake v. Emergency Med. Servs. Corp.*, No. 3:12-CV-227-CWR-FKB, 2012

3

WL 5499413, at *5 (S.D. Miss. Nov. 13, 2012). There is no purpose in adding Murray other than to defeat diversity jurisdiction. His exclusion from this suit, moreover, will not injure Griffin. *Hensgens* suggests that his addition would be inappropriate.

No other factor seems particularly relevant in this case, so none will be discussed. The *Hensgens* factors favor leave to amend as to Thomason, but not Murray. The result will be a tort claim by Griffin (a Mississippian) against Wal-Mart (a citizen of Delaware and Arkansas) and Thomason (a citizen of Louisiana). Amendment in this way will not defeat diversity jurisdiction. The case will proceed here.

### IV. Conclusion

The motion is granted as to Thomason and denied as to Murray. This ruling requires denial of the motion to remand. Griffin's amended complaint shall be filed within 10 days. The parties shall contact the chambers of the Magistrate Judge to schedule a telephonic case management conference.

**SO ORDERED**, this the 26th day of September, 2024.

s/ Carlton W. Reeves  
UNITED STATES DISTRICT JUDGE
